ELEAZER E. CLARK ET AL., RESPONDENTS, v. LEHIGH VALLEY RAILROAD COMPANY, APPELLANT.

Argued November 24, 1919—Decided March 1, 1920.

Where the charter party of a schooner on a voyage from Buenos Ayres to New York provides that the vessel should be paid freight on the cargo, at so much per ton, delivered at New York harbor—the schooner was destroyed by fire before it had unloaded or delivered its cargo—it was not error for the trial judge to admit evidence at the trial to show how much freight money was due, which the consignee refused to pay, by reason of the non-delivery of the cargo caused by the fire. The defendant is responsible for the natural and probable consequences of the fire. This was a jury question.

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin, Gilbert Collins, Lindley M. Garrison, George S. Hobart,* and *Edgar H. Boles* and *Richard W. Barrett* (of New York).

For the respondents, *Congleton, Stallman & Hoover, Edwin F. Smith, Jerome T. Congleton* and *Maximilian M. Stallman.*

The opinion of the court was delivered by

BLACK, J.  There is one point involved in this case not discussed and decided in the case of *Metropolitan Casualty Insurance Co. of New York* v. *Lehigh Valley Railroad Co.* (*post p.* 236).  This is one of the twelve cases tried with that case, growing out of the Black Tom explosion, consolidated by the trial judge with that case for trial and tried with it, before the same jury.

The point involved is, that over the objection of the defendant, the trial judge admitted testimony showing the amount of the uncollected freight money due on the cargo of six hundred and ninety-one tons of Quebracho wood, which was burned on the schooner "Walcott."  The voyage was from Buenos Ayres to New York.  For this, there was a separate verdict for $5,874.  The amount of the verdict for this item is admitted to be correct by the appellant, if anything at all should be allowed.  The charter party of the schooner provides the vessel should be paid freight, on the cargo, at so much per ton delivered at New York harbor.  The schooner was destroyed by the fire before it had unloaded or delivered that portion of the cargo represented by the amount of freight money awarded by the jury.  The consignee refused to pay this part of the freight, because the owners of the vessel had not completed their contract, by delivering that part of the cargo which was burned.  The claim was therefore made on the defendant, that the negligence of the defendant prevented the plaintiff from performing its contract and becoming entitled to the stipulated

freight money. The trial judge held, as we think, properly. This was a question of fact for the jury. It was for the jury to ascertain whether any freight money had been earned and if so, how much, and whether any loss was due to the act or fault of the defendant as the proximate cause. The defendant is responsible for the natural and probable consequences of the fire. 17 *Corp. Jur.* 750; 13 *Cyc.* 25. The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.   15.

*For reversal*—None.